NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| EVAGELIA LISA VORGIAS, | Case Number C 05-5039 JF (PVT) |
| Plaintiff, | ORDER[1] GRANTING DEFENDANTS' MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND AS TO THE CALIFORNIA STATE BAR AND WITH LEAVE TO AMEND AS TO HAWLEY, DAL CERRO AND SEIU |
| v. | |
| THE STATE BAR OF CALIFORNIA, ROBERT HAWLEY, LAWRENCE J. DAL CERRO, and SEIU LOCAL 535, | |
| Defendants. | [re doc. nos. 9 and 11] |

Defendants move to dismiss the complaint of Plaintiff Evagelia Lisa Vorgias ("Vorgias"). The Court has considered the parties' papers as well as the oral arguments presented at the hearing on July 21, 2006. For the reasons discussed below, the motions will be granted without leave to amend as to the California State Bar and with leave to amend as to the remaining defendants.

**I. BACKGROUND**

Plaintiff Evagelia Lisa Vorgias ("Vorgias") alleges the following facts, which appear to be undisputed for purposes of this motion: she was employed as a prosecutor in the Office of the

---

[1] This disposition is not designated for publication and may not be cited.

Chief Trial Counsel of the California State Bar from November 1987 until she was placed on investigatory suspension for alleged misconduct in May 2003. Among other things, Vorgias was alleged to have been incompetent, negligent, dishonest and absent without leave. The California State Bar conducted an investigation and scheduled a *Skelly* hearing for August 2003.[2] The California State Bar terminated Vorgias' employment in October 2003. Shortly thereafter Vorgias filed a grievance through her Union, Service Employees International Union Local 535 ("SEIU"). In June 2003 the California State Bar notified Vorgias that it would not reinstate her. SEIU advised Vorgias that it would review her case. Almost two years later, in March 2005, SEIU notified Vorgias that it had decided not to pursue arbitration in her case. In June 2005 SEIU notified Vorgias that the local's decision would be upheld.

Vorgias filed the instant action on December 6, 2005 against the California State Bar, its deputy executive director, Robert Hawley ("Hawley"), its assistant chief trial counsel, Lawrence Dal Cerro ("Dal Cerro"), and SEIU. The complaint asserts two claims under section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185: (1) a claim for breach of duty of fair representation against SEIU and (2) a claim of breach of the collective bargaining agreement against the California State Bar. Although Hawley and Dal Cerro are named as defendants, the complaint does not allege any claims against them. The prayer requests money damages.

## II. LEGAL STANDARD

For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

---

[2] A *Skelly* hearing is a pretermination opportunity for the employee to respond to the charges against him or her. *See Skelly v. State Personnel Bd.,* 15 Cal.3d 194, 215 (1975).

## III. DISCUSSION

**A.    State Bar Of California**

Under the Eleventh Amendment to the Constitution, a state and its agencies are immune from federal court actions seeking money damages or injunctive relief absent a waiver of immunity by the state or a valid congressional override of the immunity. *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999), *cert. denied*, 120 S.Ct. 2717 (2000). This immunity generally extends to a state official acting in his or her official capacity, although it does not extend to suits seeking prospective declaratory or injunctive relief from a state official sued in his or her official capacity to enjoin an alleged ongoing violation of federal law. *Agua Calienta Band of Cahuilla Indians v. Hardin*, 223 F.3d 1041, 1045 (9th Cir. 2000). The Eleventh Amendment likewise does not bar suits for money damages brought against a state official in his or her individual capacity based upon unconstitutional or wrongful conduct so long as the relief is sought not from the state treasury but from the official personally. *Alden v. Maine*, 527 U.S. 706, 756 (1999).

The Ninth Circuit expressly has held that the California State Bar is a state agency for purposes of the Eleventh Amendment. *Hirsh v. Justices of the Supreme Court of California*, 67 F.3d 708, 715 (9th Cir. 1995). Because it is immune from suit, the California State Bar will be dismissed from this action without leave to amend.

**B.    Hawley And Dal Cerro**

As noted above, while Hawley and Dal Cerro are named defendants, the complaint does not allege any claims against them. Even assuming that Vorgias' damages claims were asserted against Hawley and Dal Cerro, any such claims would arise from actions within their official capacity and thus would be barred by the Eleventh Amendment. Based upon the facts thus far alleged, the Court cannot discern how Vorgias could assert claims against Hawley and Dal Cerro that would fall outside the Eleventh Amendment bar, i.e., claims for prospective declaratory or injunctive relief or claims seeking damages based upon actions outside these individuals' official capacities. However, the Court will afford Vorgias an opportunity to attempt to plead around the Eleventh Amendment before dismissing the claims against Hawley and Dal Cerro without leave

3
Case No. C 05-5039 JF (PVT)
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND
(JFLC2)

1 to amend.

2 **B.    SEIU**

3 The complaint alleges a single claim against SEIU under section 301 of the LMRA, governing "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185(a). SEIU argues that the collective bargaining agreement at issue is not governed by § 301 because the California State Bar is not an "employer" within the meaning of that provision.

The definition of "employer" for purposes of § 301 expressly excludes state governments and their subdivisions. *See* 29 U.S.C. § 152(2). There do not appear to be any decisions directly addressing the question of whether the California State Bar is a state agency for purposes of the LMRA. As noted above, the California State Bar is considered a state agency for purposes of Eleventh Amendment analysis. *See Hirsh*, 67 F.3d at 715. A number of decisions have held that the California State Bar is a state agency in other contexts as well. *See, e.g., Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 433-34 (1982) (holding that state bar disciplinary proceedings constituted state judicial proceedings for purposes of *Younger*[3] analysis); *In Re Rose*, 22 Cal.4th 430, 438 (2000) (stating that "[t]he State Bar is a constitutional entity, placed within the judicial article of the California Constitution, and thus expressly acknowledged as an integral part of the judicial function").

Plaintiff relies heavily on *Keller v. State Bar of California*, 496 U.S. 1 (1990), for her position that the California State Bar is not a state agency for purposes of the LMRA, and thus is not exempt from § 301. In *Keller* case, members brought suit in state court to enjoin the California State Bar from expending mandatory dues on political and ideological causes to which they did not subscribe. The California Supreme Court held that the California State Bar is a government agency and thus may use mandatory dues for any purpose within the scope of its statutory authority. *Id.* at 7. The United States Supreme Court reversed, holding that "[t]he State Bar of California is a good deal different from most other entities that would be regarded in

---

[3] *Younger v. Harris*, 401 U.S. 37 (1971).

common parlance as 'governmental agencies,'" and concluding that it functioned much more like a union. *Id.* at 11-12. Based on this reasoning, the court held that the California State Bar should be subject to the same constitutional rule with respect to the use of compulsory dues as are labor unions representing public and private employees. *Id.* at 13. The California State Bar thus may constitutionally fund actions germane to its goals out of the mandatory funds of its members, but may not so fund "activities of an ideological nature which fall outside those areas of activity." *Id.* at 14.

While *Keller* contains some broad language that arguably supports Vorgias' position on the LMRA question, that decision resolved a unique issue that has no bearing on the instant case. Based upon *Hirsh* and the other cases holding that the California State Bar is a state agency, the Court that the California State Bar is a state agency for purposes of the LMRA, and thus that § 301 does not apply. Vorgias has indicated that she wishes to reframe her § 301 claim as a civil rights claim under 42 U.S.C. § 1983. It is unclear whether a § 1983 claim could be asserted against SEIU, because it does not appear that SEIU is a state actor. However, Vorgias will be granted leave to reframe her claim against SEIU under § 1983 or other theory.

Defendants argue that any proposed amendment to Vorgias' complaint would be futile. Defendants may well be correct. However, the Court declines to speculate on the nature of any amended claims Vorgias might assert, or the viability of such claims. Defendants may challenge any amended claims by appropriate motion.

## IV. ORDER

(1) The motions to dismiss are GRANTED WITHOUT LEAVE TO AMEND as to the California State Bar, and GRANTED WITH LEAVE TO AMEND as to Hawley, Dal Cerro and SEIU; and

(2) Any amended complaint shall be filed and served on or before August 31, 2006.

Dated: 7/25/06

_____
JEREMY FOGEL
United States District Court

5

Case No. C 05-5039 JF (PVT)
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND
(JFLC2)

1  This Order has been served upon the following persons:

3  Plaintiff *pro se*:

4  Evagelia Lisa Vorgias
3378 Cropley Avenue
5  San Jose, CA 95132

6  Counsel for State Defendants:

7  Michael John von Loewenfeldt
Kerr & Wagstaffe LLP
8  100 Spear Street, Suite 1800
San Francisco, CA 94105

Lawrence C. Yee
10  Colin Wong
State Bar of California
11  Office of General Counsel
180 Howard Street
12  San Francisco, CA 94105-1639

13  Counsel for SEIU:

14  Stewart Weinberg
Weinberg Roger & Rosenfeld
15  A Professional Corporation
1001 Marina Village Parkway
16  Suite 200
Alameda, CA 94501-1091

6

Case No. C 05-5039 JF (PVT)
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND
(JFLC2)