NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| EVAGELIA LISA VORGIAS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>THE STATE BAR OF CALIFORNIA, ROBERT HAWLEY, LAWRENCE J. DAL CERRO, and SEIU LOCAL 535,<br><br>　　　　　　Defendants. | Case Number C 05-5039 JF (PVT)<br><br>ORDER[1] GRANTING MOTION TO DISMISS OF SEIU LOCAL 535 WITHOUT LEAVE TO AMEND<br><br>[re doc. no. 20] |

Defendant Service Employees International Union Local 535 ("SEIU Local 535") moves to dismiss the first amended complaint of Plaintiff Evagelia Lisa Vorgias ("Vorgias"). The Court has considered the briefing submitted by the parties as well as the oral arguments presented at the hearing on October 27, 2006. For the reasons discussed below, the motion will be granted without leave to amend.

**I. BACKGROUND**

Plaintiff Evagelia Lisa Vorgias ("Vorgias") filed this action on December 6, 2005 and filed the operative first amended complaint ("FAC") on August 31, 2006 following dismissal of

---

[1] This disposition is not designated for publication and may not be cited.

her original complaint with leave to amend. She alleges that she was employed as a prosecutor in the Office of the Chief Trial Counsel of the California State Bar from November 1987 until she was placed on investigatory suspension for alleged misconduct in May 2003. Among other things, Vorgias was alleged to have been incompetent, negligent, dishonest and absent without leave. The California State Bar conducted an investigation and scheduled a *Skelly* hearing[2] for August 2003. Vorgias alleges that she was not provided with relevant documents necessary to prepare for the hearing. The California State Bar terminated Vorgias' employment in October 2003.

Shortly after her termination, Vorgias filed a grievance through her union, SEIU Local 535. Vorgias alleges that SEIU Local 535 delayed progress on her grievance, failed to communicate with her, failed to pursue settlement options with the California State Bar, failed to pursue witnesses and other exculpatory evidence, and otherwise failed in its duty of representation. In March 2005, SEIU Local 535 notified Vorgias that it would not pursue arbitration in her case. In June 2005 Vorgias was notified that the union would uphold the decision of Local 535.

Vorgias originally asserted that SEIU Local 535's conduct violated section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. The Court dismissed the LMRA claim after concluding that the collective bargaining agreement at issue is not governed by § 301 because the California State Bar is not an "employer" within the meaning of that provision. Vorgias requested leave to amend so that she could reframe her claim against SEIU Local 535 as a civil rights claim or other appropriate claim. Vorgias now appears to allege a § 1983[3] claim against SEIU Local 535, as well as a state law claim for violation of the duty of fair representation.

## II. LEGAL STANDARD

For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the

---

[2] A *Skelly* hearing is a pretermination opportunity for the employee to respond to the charges against him or her. *See Skelly v. State Personnel Bd.,* 15 Cal.3d 194, 215 (1975).

[3] 42 U.S.C. § 1983.

Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

### III. DISCUSSION

**A.     Section 1983 Claim**

Section 1983 imposes liability on any person who deprives another of a federally protected right while acting under the color of state law. 42 U.S.C. § 1983. To make out a claim under § 1983, the plaintiff must allege that (1) the defendant acted under color of state law, and (2) deprived the plaintiff of rights secured by the United States Constitution or federal statutes. *Ortez v. Washington County*, 88 F.3d 804, 810 (1996).

The FAC alleges that SEIU Local 535 is a labor organization operating in Oakland, California. FAC ¶ 5. Vorgias does not allege that SEIU Local 535 is an agency of the State of California or the State Bar. Instead, she asserts that SEIU Local 535 acted in concert with the California State Bar to deprive her of due process. A private agency's action may be considered to be "under color of state law" when there is significant state involvement in the action. *Franklin v. Fox*, 312 F.2d 423, 444 (9th Cir. 2002). "Under the joint action test, courts examine whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Id.* at 445 (internal quotation marks and citation omitted). "The test focuses on whether the state has so far insinuated itself into a position of interdependence with the private actor that it must be recognized as a joint participant in the challenged activity." *Id.* (internal quotation marks and citations omitted). "To be liable as co-conspirators, each participant in a conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Id.* In order to hold a private actor liable pursuant to § 1983, the private actor "must share with the public entity the goal of violating a plaintiff's constitutional rights." *Id.*

The Court concludes that Vorgias has not alleged and cannot allege facts sufficient to

demonstrate joint action under these standards. To the contrary, it appears from the allegations of the FAC that SEIU Local 535 acted at arms' length in dealing with the California State Bar. SEIU Local 535 did in fact review Vorgias' grievance, although it ultimately determined not to take the grievance to arbitration on Vorgias' behalf. Vorgias alleges that during this process, agents of the *California State Bar* lied to SEIU Local 535 regarding Vorgias' grievance. However, even when pressed to do so during oral argument, Vorgias could not identify any conduct of *the union* that would rise to the level of joint action. In short, the FAC is devoid of facts sufficient to support Vorgias' conclusory allegations that SEIU Local 535 and the California State Bar acted jointly to deprive her of due process. *See Leahy v. Board of Trustees of Community College Dist. No. 508*, 912 F.2d 917, 921-22 (7th Cir. 1990) (dismissing § 1983 claim against union that failed to pursue plaintiff's grievance to arbitration on ground that conclusory allegations of joint action between union and city college were insufficient). Based upon the facts already alleged, it does not appear that Vorgias could make out a viable § 1983 claim against SEIU Local 535 even if she were granted leave to amend. Accordingly, the § 1983 claim will be dismissed without leave to amend.

**B.   State Law Claim For Breach Of Duty Of Fair Representation**

With respect to Vorgias' state law claim for breach of the duty of fair representation, it appears that such claim properly should be adjudicated, at least in the first instance, by the Public Employment Relations Board ("PERB") of the State of California. *See Anderson v. California Faculty Assn.*, 25 Cal. App.4th 207, 212 (1994) (making clear that the PERB has exclusive jurisdiction to address a union member's claim of breach of the duty of fair representation). Vorgias alleges that she in fact filed a claim with the PERB in August 2006; she does not allege the status of that claim. Even assuming that Vorgias could pursue a fair representation claim without exhausting her remedies with the PERB, this Court would decline to exercise supplemental jurisdiction over such claim. Because Vorgias has failed to state a viable federal law claim against SEIU Local 535, her fair representation claim against SEIU Local 535 would have to be considered supplemental to her civil rights claims against State Bar Assistant Chief Trial Counsel Lawrence Dal Cerro ("Dal Cerro") and State Bar Deputy Director Robert Hawley

4

Case No. C 05-5039 JF (PVT)
ORDER GRANTING MOTION TO DISMISS OF SEIU LOCAL 535 WITHOUT LEAVE TO AMEND
(JFLC2)

("Hawley"). It is not at all clear whether Vorgias' civil rights claims against Dal Cerro and Hawley are viable; those claims are the subject of a motion to dismiss that is set for hearing on November 17, 2006. Even if the claims against Dal Cerro and Hawley do go forward, however, Vorgias has not demonstrated any connection between the conduct of Dal Cerro and Hawley on the one hand and SEIU Local 535 on the other. Her claims against Dal Cerro and Hawley center on alleged violations of her federal civil rights by her employer, while her claims against SEIU Local 535 center on her union's obligations to her under the operative collective bargaining agreement and state law.

### IV. ORDER

The motion to dismiss of SEIU Local 535 is GRANTED WITHOUT LEAVE TO AMEND.

Dated: 11/2/06

_____
JEREMY FOGEL
United States District Court

1  This Order has been served upon the following persons:

3  Plaintiff *pro se*:

4  Evagelia Lisa Vorgias
   3378 Cropley Avenue
5  San Jose, CA 95132

6  Counsel for State Defendants:

7  Michael John von Loewenfeldt
   Kerr & Wagstaffe LLP
8  100 Spear Street, Suite 1800
   San Francisco, CA 94105

   Lawrence C. Yee
10 Colin Wong
   State Bar of California
11 Office of General Counsel
   180 Howard Street
12 San Francisco, CA 94105-1639

13 Counsel for SEIU:

14 Stewart Weinberg
   Weinberg Roger & Rosenfeld
15 A Professional Corporation
   1001 Marina Village Parkway
16 Suite 200
   Alameda, CA 94501-1091

Case No. C 05-5039 JF (PVT)
ORDER GRANTING MOTION TO DISMISS OF SEIU LOCAL 535 WITHOUT LEAVE TO AMEND
(JFLC2)