1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| EVAGELIA LISA VORGIAS,<br><br>                    Plaintiff,<br><br>         v.<br><br>THE STATE BAR OF CALIFORNIA, ROBERT HAWLEY, LAWRENCE J. DAL CERRO, and SEIU LOCAL 535,<br><br>                    Defendants. | Case Number C 05-5039 JF (PVT)<br><br>ORDER[1] GRANTING MOTION TO DISMISS OF HAWLEY AND DAL CERRO WITHOUT LEAVE TO AMEND<br><br>[re doc. no. 26] |

Defendants Robert Hawley ("Hawley") and Lawrence Dal Cerro ("Dal Cerro") move to dismiss the first amended complaint of Plaintiff Evagelia Lisa Vorgias ("Vorgias").  The Court has considered the briefing submitted by the parties as well as the oral arguments presented at the hearing on November 17, 2006.  For the reasons discussed below, the motion will be granted without leave to amend.

**I. BACKGROUND**

This action arises out of the dismissal of Plaintiff Evagelia Lisa Vorgias ("Vorgias") from her position of prosecutor in the Office of the Chief Trial Counsel of the California State Bar

---

[1] This disposition is not designated for publication and may not be cited.

1  ("State Bar").  Vorgias alleges that she worked as a State Bar prosecutor from November 1987

2  until she was placed on investigatory suspension for alleged misconduct in May 2003.  Among

3  other things, Vorgias was alleged to have been incompetent, negligent, dishonest and absent

4  without leave.  The State Bar conducted an investigation and scheduled a *Skelly* hearing[2] for

5  August 2003.  Vorgias alleges that she was not provided with relevant documents necessary to

6  prepare for the hearing.  She also alleges that her supervisors, Hawley (State Bar Deputy

7  Director) and Dal Cerro (State Bar Assistant Chief Trial Counsel), destroyed a security camera

8  videotape that was relevant to the charges against her, improperly used her work access card

9  records to determine whether she was present in the building at particular times, and improperly

10 relied upon contents of her computer files.  The State Bar terminated Vorgias' employment in

11 October 2003.

12      Shortly after her termination, Vorgias filed a grievance through her union, SEIU Local

13 535.  Vorgias alleges that SEIU Local 535 delayed progress on her grievance, failed to

14 communicate with her, failed to pursue settlement options with the State Bar, failed to seek

15 witnesses and other exculpatory evidence, and otherwise failed in its duty of representation.  She

16 also alleges that Hawley and Dal Cerro falsely represented to SEIU Local 535 that Vorgias had

17 been provided with all investigative reports to which she was entitled.  She alleges that Hawley

18 suggested that he would be more sympathetic to Vorgias' case if she would answer questions

19 without reviewing the investigative reports.  She further alleges that Hawley and Dal Cerro

20 threatened her with attorney discipline while extending an offer to settle her grievance.  In June

21 2004, Vorgias wrote to Hawley, objecting to the appointment of the particular investigator who

22 had been assigned to her case and requesting that she be allowed to present additional witnesses

23 and evidence.  Hawley and Dal Cerro refused those requests.  Vorgias' subsequent requests to

24 permit additional evidence likewise were denied.  In March 2005, SEIU Local 535 notified

25 Vorgias that it would not pursue arbitration in her case.  In June 2005 Vorgias was notified that

26 the union would uphold the decision of Local 535.

27 ───────────

28   [2]A  *Skelly* hearing is a pretermination opportunity for the employee to respond to the
charges against him or her.  *See Skelly v. State Personnel Bd.,* 15 Cal.3d 194, 215 (1975).

Case No. C 05-5039 JF (PVT)
ORDER GRANTING MOTION TO DISMISS OF HAWLEY AND DAL CERRO
(JFLC2)

1    Vorgias filed the instant action on December 6, 2005 and, following dismissal with leave

2    to amend, filed the operative first amended complaint ("FAC") on August 31, 2006.  The FAC

3    alleges (1) a claim that Hawley and Dal Cerro violated her due process rights and (2) a claim that

4    SEIU Local 535 violated its duty of fair representation.  The Court dismissed Vorgias' claim

5    against SEIU Local 535 without leave to amend on November 2, 2006.  As a result the only

6    claim remaining in the case is the civil rights claim against Hawley and Dal Cerro.

7                                    **II. LEGAL STANDARD**

8        For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the

9    Court must construe the complaint in the light most favorable to the plaintiff.  *Jenkins v.*

10   *McKeithen*, 395 U.S. 411, 421 (1969).  Leave to amend must be granted unless it is clear that the

11   complaint's deficiencies cannot be cured by amendment.  *Lucas v. Department of Corrections*,

12   66 F.3d 245, 248 (9th Cir. 1995).  When amendment would be futile, however, dismissal may be

13   ordered with prejudice.  *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

14                                     **III. DISCUSSION**

15       Section 1983 imposes liability on any person who deprives another of a federally

16   protected right while acting under the color of state law.  42 U.S.C. § 1983.  To make out a claim

17   under § 1983, the plaintiff must allege that (1) the defendant acted under color of state law, and

18   (2) deprived the plaintiff of rights secured by the United States Constitution or federal statutes.

19   *Ortez v. Washington County*, 88 F.3d 804, 810 (1996).  Vorgias alleges that Hawley and Dal

20   Cerro, acting under color of state law as officials of the State Bar, terminated her employment

21   without affording her due process.

22       Hawley and Dal Cerro argue that Vorgias' due process claim is time-barred.  The Court

23   agrees.  A claim that employment was terminated without due process accrues when the plaintiff

24   is informed that the decision to terminate is final and that no more pre-termination process is

25   available.  *Delaware State College v. Ricks*, 449 U.S. 250, 259-61 (1980).  It appears on the face

26   of the FAC that Plaintiff's pre-termination process (the *Skelly* hearing) commenced in August

27   2003 and was concluded prior to her termination in October 2003.  Vorgias did not file this

28   action until December 2005, after the applicable two-year limitations period had expired.

Case No. C 05-5039 JF (PVT)
ORDER GRANTING MOTION TO DISMISS OF HAWLEY AND DAL CERRO
(JFLC2)

1  *See Maldonado v. Harris*, 370 F.3d 945, 954-55 (9th Cir. 2004) (noting applicability of two-year

2  statute of limitations to § 1983 claims).

3      At the hearing, Vorgias asserted that she is entitled to equitable tolling.  The basis for her

4  assertion is not entirely clear.  To the extent that she asserts equitable tolling on the ground that

5  she was pursuing a post-termination grievance proceeding, the Supreme Court has held that "the

6  pendency of a grievance, or some other method of collateral review of an employment decision,

7  does not toll the running of the limitations period."  *Ricks*, 449 U.S. at 261.  "The grievance

8  procedure, by its nature, is a *remedy* for a prior decision, not an opportunity to *influence* that

9  decision before it is made."  *Id.* at 261.

10      To the extent that Vorgias asserts equitable tolling on the ground that she was pursuing an

11  EEOC proceeding, pursuit of such a proceeding is insufficient to toll a claim brought under §

12  1983.  *See London v. Coopers & Lybrand*, 644 F.2d 811, 815 (9th Cir. 1981) (statute of

13  limitations for § 1981 claim not tolled during pendency of EEOC proceeding); *Reese v. City of

14  Emeryville Fire Dept.*, 746 F. Supp. 987, 988 (N.D. Cal. 1990) (extending *London* to § 1983

15  claims).

16      Vorgias alternatively argues that her claim against Hawley and Dal Cerro is not time-

17  barred because Hawley and Dal Cerro engaged in a continuing violation of her civil rights after

18  the date of her termination.  The continuing violation doctrine does not apply to termination of

19  employment or other discrete, actionable conduct.  *National R.R. Passenger Corp. v. Morgan*,

20  536 U.S. 101, 114 (2002).

21      The Court is troubled by Vorgias' allegations that Hawley and Dal Cerro engaged in

22  affirmative misconduct during her post-termination grievance proceedings.  At the hearing, the

23  Court questioned both sides closely as to what remedies, if any, might lie for such alleged

24  misconduct.  Counsel for Defendants asserted that, whatever remedies might apply to such

25  misconduct in the abstract, the only claim Vorgias has alleged in *this* case is deprivation without

26  due process of her property interest in her employment, and that claim clearly is time-barred.

27  Having conducted its own research into the issue, the Court must agree.  "Process is not an end in

28  itself.  Its constitutional purpose is to protect a substantive interest to which the individual has a

4

1    legitimate claim of entitlement." *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983).  "The

2    categories of substance and procedure are distinct" and "'[p]roperty' cannot be defined by the

3    procedures provided for its deprivation." *Cleveland Board of Education v. Loudermill*, 470 U.S.

4    532, 541 (1985).  Accordingly, the Court concludes that Vorgias may not maintain a due process

5    claim based solely upon Defendants' alleged misconduct during the post-termination grievance

6    proceeding.

7            At the hearing, Vorgias asserted that Defendants' conduct during the post-termination

8    grievance proceeding constituted "individual discriminatory acts."  Vorgias has not alleged a

9    claim of discrimination, nor has she suggested at any point since the inception of the instant case

10   that Defendants' conduct was motivated by her gender, race or other impermissible criteria.  The

11   *only* claim she has alleged against Hawley and Dal Cerro is for alleged violation of her right to

12   due process.  For the reasons discussed above, that claim is time-barred.  Accordingly, the Court

13   will grant Defendants' motion to dismiss without leave to amend.

14                                **IV. ORDER**

15          The motion to dismiss of Hawley and Dal Cerro is GRANTED WITHOUT LEAVE TO

16   AMEND.

17

18   Dated:  1/30/07

19                                        _____
                                          JEREMY FOGEL
20                                        United States District Court

21

22

23

24

25

26

27

28

Case No. C 05-5039 JF (PVT)
ORDER GRANTING MOTION TO DISMISS OF HAWLEY AND DAL CERRO
(JFLC2)

1    This Order has been served upon the following persons:

2

3    Plaintiff *pro se*:

4    Evagelia Lisa Vorgias
     3378 Cropley Avenue
5    San Jose, CA 95132

6    Counsel for State Defendants:

7    Michael John von Loewenfeldt
     Kerr & Wagstaffe LLP
8    100 Spear Street, Suite 1800
     San Francisco, CA 94105
9
     Lawrence C. Yee
10   Colin Wong
     State Bar of California
11   Office of General Counsel
     180 Howard Street
12   San Francisco, CA 94105-1639

13   Counsel for SEIU:

14   Stewart Weinberg
     Weinberg Roger & Rosenfeld
15   A Professional Corporation
     1001 Marina Village Parkway
16   Suite 200
     Alameda, CA 94501-1091

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 05-5039 JF (PVT)
ORDER GRANTING MOTION TO DISMISS OF HAWLEY AND DAL CERRO
(JFLC2)